UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 23  A 11: 05

DISTRICT COURT
DISTRICT OF MASS

# 05 - 10352 RCL

MAGISTRATE JUDGE _Now May_

MARIA ALVES
    Plaintiff,

v.                              CIVIL ACTION NO. _____

PAUL F. WALSH, JR.,
DISTRICT ATTORNEY AND
THE CITY OF FALL RIVER
    Defendants,

RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED yes
LOCAL RULE 4.1 1
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. JOM
DATE 2/23/05

COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This action is brought by plaintiff, Maria Alves,

against the defendant, Paul F. Walsh, Jr., in his

capacity as the District Attorney for Bristol County and

against the defendant, the City of Fall River Police

Department, seeking damages for violations of civil

rights and the return of $22,810.00 that was wrongfully

forfeited from Maria Alves in violation of the Fourth,

Fifth and Fourteenth Amendment rights of the plaintiff

established by the Constitution of the United States as

well as Massachusetts General Laws, Chapter 94C, Section

47(d).

JURISDICTION

2.   Count I is brought in the United States District
Court pursuant to 28 U.S.C. §§1331 and 1343.  Count II is
brought pursuant to the Court's pendant jurisdiction

PARTIES

3.   The Plaintiff, Maria Alves, is a citizen of the
United States.

4.   The defendant, Paul F. Walsh, Jr., is the District
Attorney for Bristol County, Massachusetts, (hereafter
"District Attorney") and he is statutorily authorized to
file civil actions for forfeitures pursuant to
Massachusetts General Laws, Chapter 94C,  §47.

5.   The City of Fall River is a municipality in the
State of Massachusetts and is the responsible entity for
the acts and omission of the Fall River Police
Department.

FACTUAL ALLEGATIONS

6.   On February 25, 2002, officers from the Fall River
Police Department executed a search and seizure warrant
at 4000 North Main Street, Apartment 37, Fall River,
Massachusetts. The warrant was issued in connection with

2

an investigation regarding the sale of cocaine and
marijuana by Jay Lee Alves.

7. Pursuant to the execution of the search warrant the
officers seized, among other items, documents
constituting a bank book and a certificate of deposit.

8. The bank book displayed a deposit of approximately
$16,910.97 in the Bristol County Savings Bank and the
names of the owners were listed thereon as Jason Alves
and Maria Alves. The certificate of deposit displayed a
deposit of approximately $5,000.00 in the Bristol County
Savings Bank and the owner was listed as Jason Alves but
the document was physically located within the bank book
when the items were seized and the evidence of
transactions in the bank book displayed that the moneys
invested in the certificate of deposit were withdrawn
from the moneys on deposit in the bank book on or about
December 18, 2000.

9. As a result of the search and seizure warrant
criminal charges were filed against Jason Alves in the
Bristol County Superior Court, Indictment Number
BRCR2002-0321.

3

10.  On May 12, 2003, 48 days after the conclusion of the criminal proceedings against Jason Alves the office of the District Attorney filed a motion to forfeit property (hereafter, the "Motion") that was seized in connection with the execution of the search and seizure warrant on February 25, 2002. The Motion is appended as Exhibit A.

11.  The Motion was filed pursuant to the provisions of Massachusetts General Laws, Chapter 94C §47(b).

12.  The items listed in the forfeiture Motion included: "The sum of $16,910.97 in Bristol County Savings Bank, in the name of Jason Alves or Maria Alves" and "The sum of $5,000.00 in a certificate of deposit." (Exhibit A, hereto, paragraphs 5 and 6 respectively.)

13.  At the time the motion was filed neither the District Attorney nor the Fall River Police Department seized, secured or otherwise attached the moneys in the savings account or the certificate of deposit through any judicial or other legal process.

14.  At the time the Motion was filed Maria Alves was not served with a notice of the motion and she had not been made a party to any action in which the motion was filed.

4

15.   At no time has Maria Alves been made a party to the
criminal forfeiture proceeding commenced by the District
Attorney pursuant to Massachusetts General Laws, Chapter
94C, §47.

16.   The office of the District Attorney called the
Motion for hearing on May 23, 2003 without providing
notice of the hearing to Maria Alves.

17.   A judge of the Superior Court for the Commonwealth
of Massachusetts acted upon the District Attorney's
Motion on June 5, 2003 and ordered the property listed in
the motion to be "forfeited to the Commonwealth of
Massachusetts and distributed by the Bristol County
District Attorney in accordance with G.L. c. 94C,
§47(d)."  (Exhibits A and B, hereto.)

18.   The motion judge was not advised by the District
Attorney that Maria Alves was an interested party who was
statutorily entitled to notice of the proceeding and who
could file a claim in defense of the District Attorney's
Motion.

19.   After the Order of Forfeiture was entered in the
Bristol County Superior Court on June 5, 2003 no process
of any kind was directed to the Bristol County Savings

Bank to effectuate the Order for any specific account or
certificate of deposit, Exhibit B, hereto.

20.  The District Attorney is statutorily permitted to
file forfeiture actions within a related criminal
proceeding or through a separate civil action pursuant to
the provisions of Massachusetts General Laws, Chapter
94C, §47(d).

21.  Regardless of his choice of filing the District
Attorney is charged with the responsibility to give
notice of the forfeiture proceeding to the owner of the
property or to "such other persons as appear to have an
interest therein…." Massachusetts General Laws, Chapter
94C, §47(d).

22.  The District Attorney had actual notice that Maria
Alves was a person who had an interest in the money on
deposit in the bank book and the certificate of deposit
but intentionally, negligently or recklessly failed to
provide Maria Alves with notice pursuant to the statutory
requirements.

23.  Prior to the hearing of the District Attorney's
Motion the motion judge requested the Assistant Clerk of
the Superior Court to inquire of the attorney

representing Jason Alves as to whether Jason Alves would
file an opposition to the District Attorney's Motion.

24.  After the Clerk's inquiry the motion judge entered
an order of forfeiture in accordance with the District
Attorney's Motion.

25.  Jason Alves's Attorney has never represented Maria
Alves or her interest in the forfeiture proceeding and
his role in representing Jason Alves is not a legal
substitute for any possible representation of Maria
Alves's interest in the forfeiture proceeding.

26.  Jason Alves's Attorney has never spoken with Maria
Alves.

27.  Without lawful process, on August 25, 2003 the
District Attorney accessed Maria Alves' moneys from the
Bristol County Savings Bank. The proceeds from the bank
book and the certificate of deposit were distributed to
the District Attorney by the checks appended hereto as
Exhibit C.

28.  On August 28, 2003 the District Attorney moved to
amend the Order of Forfeiture to add additional sums that
accrued to the accounts. This motion to amend was filed,

7

marked for hearing and "allowed" after hearing, without
any notice to Maria Alves.  (Exhibit D, hereto.)

29.  Pursuant to the provisions of Massachusetts General
Laws, Chapter 94C, §47(d), on information and belief, the
District Attorney retained one-half of the moneys
received from the Bristol County Savings Bank and he
distributed the other one-half of the moneys to the Fall
River Police Department.

30.  On June 12, 2003, Without knowledge of the June 5,
2003 Order of Forfeiture, Maria Alves's counsel made
inquiry to the representative of the District Attorney's
office who was charged with preparing forfeiture matters.
The inquiry was to secure an agreement for the release of
the potential forfeiture claim against the moneys in the
savings account and the certificate of deposit.  The
representative requested copies of documentation
supporting Maria Alves' claim and also requested that the
claim be placed in writing.

31.  On and after June 12, 2003, Maria Alves collected
documentation to prove her entitlement to the moneys on
deposit in the bank book and the certificate of deposit.

8

32.   On July 31, 2003 Maria Alves made a written request
to the District Attorney seeking to have the District
Attorney release any forfeiture claim against the moneys
in the bank book and the certificate of deposit.  A true
copy of the request (without the attached documents) is
appended as Exhibit D, hereto.

33.   The District Attorney did not respond to the July
31, 2003 request and did not provide notice that an order
of forfeiture had previously been entered with respect to
the moneys.

34.   The conduct of the District Attorney displayed by
his failure to notify Maria Alves of the forfeiture
Motion and subsequent proceedings indicates an intention
by the District Attorney to deprive Maria Alves of her
ability to participate in proceedings to oppose the
forfeiture of the moneys in the savings account and the
certificate of deposit.

35.   On December 3, 2003, Maria Alves filed motions in
the Bristol County Superior Court seeking to intervene in
the forfeiture proceedings and to vacate the prior Order
of Forfeiture.

36.   The District Attorney filed an opposition to the
motion asserting the following position:

"The Commonwealth's obligation is to notify the
legal owners of the property at issue for forfeiture. The
Commonwealth is not obligated to speculate as to rightful
owner of monies when it provides notice of a forfeiture
motion." (Paragraph 8, Commonwealth's Opposition to Maria
Alves' Motion to Vacate Forfeiture Order.)

37.   The addition Maria Alves to the group of potential
parties who had an interest in opposing the forfeiture
required no speculation by the District Attorney in this
matter.

38.   Maria Alves has never been properly notified of any
forfeiture action, she has not been made party to any
forfeiture proceeding and she has never been afforded an
opportunity to contest the Order of Forfeiture which
entered on June 5, 2003, or any subsequent amendment of
the order.

39.   After hearing the Superior Court for the
Commonwealth of Massachusetts denied Maria Alves's Motion
to Vacate Forfeiture Order and Motion to Intervene but
ruled that such denial was "without prejudice to Maria
Alves' rights to pursue a civil remedy." (February 23,
2003, notation on Motion to Vacate Forfeiture Order.)

40.   The District Attorney is not entitled to the defense
of absolute immunity or qualified immunity in this
matter.   The District Attorney has not performed the
traditional function of an advocate when his office
presented the Motion to Forfeit Cash and Property in this
matter.

41.   With respect to the forfeiture proceeding in this
matter the District Attorney is an interested party
rather than an advocate.   From whatever moneys might be
forfeited through the forfeiture Motion the District
Attorney is allowed to retain one-half of the moneys for
use by his office and these moneys are not subject to any
reasonable government oversight or budgetary controls.
Although statutorily restricted to a certain extent the
moneys that are forfeited in these types of proceedings
may be distributed in the sole discretion of the District
Attorney.

COUNT I

42.   Maria Alves has been deprived of her property
without due process of law as guaranteed by the Fifth and
Fourteenth Amendments to the Constitution of the United
States and Title 42 United States Code, Sections 1983 and
1988.

43.   Maria Alves has been deprived of her property in violation of the Fourth Amendment to the Constitution of the United States and the protections afforded by the Massachusetts Declarations of Rights as well as Massachusetts General Laws, Chapter 94C, Section 47(d).

44.   The defendants failed to afford notice of any kind to Maria Alves of their intention to forfeit her property and failed to observe the statutory and constitutional requirements for notice and hearing.

45.   The conduct of the District Attorney, under color of authority, has deprived Maria Alves of her property and has caused her to suffer great expense and anguish in the assertion of her rights to regain the property.

WHEREFORE, Plaintiff, Maria Alves, prays for judgment against the defendants for damages in an amount that this Court deems proper, plus costs, reasonable attorneys fees and statutory interest provided in accordance with the Laws of the Commonwealth of Massachusetts at the rate of 12 percent from the date such moneys were wrongfully seized.

COUNT II

46.   Prior to opening the savings account at the Bristol
County Savings Bank Maria Alves owed a tax debt to the
Massachusetts Department of Revenue.  Maria Alves made a
written agreement with the Department of Revenue to repay
this tax debt.  At the time of the agreement she was
advised by the representative of the Department of
Revenue that any money listed in a bank account listing
Maria Alves's social security number would be subject to
seizure by the Department of Revenue.

47.   Maria Alves was further advised by the
representative that she could maintain a bank account in
the name and social security number of another individual
while she paid her debt pursuant to the agreement.

48.   Maria Alves alleges that moneys on deposit in the
savings account and certificate of deposit at the Bristol
County Savings Bank were her property.

49.   The moneys that were deposited in the savings
account and the certificate of deposit at the Bristol
County Savings Bank were not furnished or intended to be
furnished by any person in exchange for a controlled
substance in violation of G.L., C 94C; were not proceeds
traceable to such an exchange; and, were not used or

13

intended to be used to facilitate any violation of the respective sections of G.L., C94C, evidence of which would permit a forfeiture of the moneys.

50.   Pursuant to the requirements of G.L., C. 94C, the Commonwealth has the burden of proving to a court the existence of probable cause to institute a forfeiture action and then a claimant such as Maria Alves has the burden of proving that the property is not forfeitable pursuant to subparagraph (5) of C. 94C, Section 47.

51.   There is no evidence whatsoever that the moneys in the savings account or the certificate of deposit were in any way related to a violation of G.L., C. 94C by Jason Alves or any other person and the Commonwealth cannot sustain its burden to display probable cause for forfeiture.

52.   The only connection between Maria Alves's moneys and Jason Alves was the fact that Jason Alves was holding the money for the benefit of Maria Alves because the money could not be deposited in Maria Alves's own name and social security number.

WHEREFORE, Plaintiff, Maria Alves, prays for judgment against the defendants along with a declaration

14

and order for the return of the amounts on deposit in the

bank book and certificate of deposit, together with

accumulated interest plus costs, reasonable attorneys

fees and statutory interest provided in accordance with

the Laws of the Commonwealth of Massachusetts at the rate

of 12 percent from the date such moneys were wrongfully

seized.


                        JURY DEMAND

    Maria Alves demands a trial by jury on all claims

which she has a right to a trial by jury.




                        Maria Alves
                        By her attorney,



                        Brian J. Sullivan, Esq.
                        10 Purchase Street, Fifth Floor
                        Fall River, Massachusetts 02720
                        BBO#484990) (508) 679-7998




                            15

Exhibit A

*(handwritten note in left margin, rotated:)* 6/5/03 The Clerk having telephoned defendant's counsel on 5/22/03 to inquire about any opposition, the Clerk having faxed counsel copies of this matter on 5/22/03 and the Clerk having followed-up by telephone on 5/30/03, and there being no opposition to this motion, the motion is allowed. (Kern, J.) MDF

## COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, SS**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
INDICTMENT NO. BRCR2002-0322
BRCR2002-0321
POLICE REPORT # R020653**

MAY 1 2

**COMMONWEALTH**

*v.*

**Jason Alves, Jay Lee Alves**
**Defendant**

**MOTION TO FORFEIT CASH
AND PROPERTY**

Now comes the Commonwealth pursuant to the provisions of G.L. c. 94C, S 47(b) and moves this Court issue a written order that all jewelry and the sum of Thirty-five thousand eight hundred fifty eight dollars and ninety seven cents ($35,858.97) in United States currency be forfeited to the Commonwealth of Massachusetts and distributed by the Bristol County District Attorney in accordance with G.L. c. 94C, S 47(d). Jewelry and monies in the total sum of $35,858.97, were seized by Fall River Police Department broken down as follows:

1. $1,255.00 in cash found in Jason Alves' bedroom.

2. $6,000.00 in cash found in safe in Jason Alves' bedroom.

3. Three money rolls cash totaling $6,600.00, $2,200.00, $3,100.00 and $1,400.00 found in a secured safe within the Alves' apartment.

4. Cash in total of $93.00 found in Jay Lee Alves' room.

5. The sum of $16,910.97 in Bristol County Savings Bank, in the name Jason Alves or Maria Alves.

6. The sum of $5,000.00 in a certificate of deposit.

7. One appraised 14k white gold bracelet w/ diamonds. Total weight 11. 12+.01ct.

8. One appraised square bracelet, 14k white gold w/ diamonds. Total weight 10.07 ct.

9. One 14k white gold and diamond pendant (cross) Total weight diamond 7.7 ct.

10. Two Movado watches.

11. Two silver rings with diamonds or similiar looking stone. No estimate.

12. Two ear rings with price tag 705.00 .25 ct.

13. One bracelet, gold tint, with diamonds or a similiar looking stone.

14. One silver hugs and kisses bracelet with diamonds or a similiar looking stone.

These monies and jewelry were ordered forfeited by Judge Robert Kane on March 25, 2003 on the oral motion of the Commonwealth.

As grounds for this motion, the Commonwealth states that the moneys were proceeds from the sale of a controlled substance, were intended to be furnished by a person in exchange for a controlled substance in violation of General Laws, Chapter 94C; or, the Thirty-five thousand eight hundred fifty eight dollars and ninety seven cents and jewelry were intended to be used to facilitate a violation of General Laws, Chapter 94C, Sections: thirty-two, thirty-two A, thirty-two B, thirty-two C, thirty-two D, thirty-two E, thirty-two F, thirty-two G, thirty-two I, thirty-two J, or forty.

The Commonwealth
By it's attorney,

Gerald T. FitzGerald
Assistant District Attorney
For the Bristol District

#12                                          Exhibit B

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                              SUPERIOR COURT DEPARTMENT
                                          OF THE TRIAL COURT
                                          INDICTMENT NO. BRCR2002-0321
                                                          BRCR2002-0322
                                          POLICE REPORT # R020653

COMMONWEALTH

V.                                        ORDER OF FORFEITURE CASH
                                          AND PROPERTY

Jason Alves, Jay Lee Alves              )
        Defendant                       )

*[stamp: BRISTOL, SS SUPERIOR COURT FILED ... - 5 200... MARC J. ... CLERK/MAGISTRATE]*

This action came on for hearing before the Court, March 25, 2003, J.Kane

presiding, upon the motion of the Commonwealth for forfeiture of property pursuant

to the provisions of G.L. c. 94C, S47 (b) and, upon consideration thereof, it is

ORDERED AND ADJUDGED:

That the sum of Thirty-five thousand eight hundred fifty eight dollars and

ninety seven cents ($ 35,858.97) in United States currency and the jewelry listed on

the sheet annexed here to and incoporated herein shall be forfeited to the

Commonwealth of Massachusetts and distributed by the Bristol County District

Attorney in accordance with the provisions of General Laws, Chapter 94C, S47(d).

Dated at Bristol County, Massachusetts, this day of May, 2003.


                                    _____ 6/5/2003
                                    JUSTICE

Exhibit C



BRISTOL
COUNTY
SAVINGS
BANK

BRCR2002-0321

OFFICIAL CHECK

100006300

August 25, 2003

22-1075
560

$**17,293.67

PAY

Commonwealth of Mass office of the
To    District Attorney
the   PO Box 973
order of New Bedford, MA 02741

CUSTOMER COPY - NON NEGOTIABLE

BRISTOL
COUNTY
SAVINGS
BANK

BRCR2002-0321

OFFICIAL CHECK

100006299

August 25, 2003

22-1075
560

$**5,516.33

PAY

Commonwealth of Mass office of the
To    District Attorney
the   PO Box 973
order of New Bedford, MA 02741

CUSTOMER COPY - NON NEGOTIABLE

Exhibit D

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL, SS

FILED

SEP – 2 2003

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

COMMONWEALTH

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
INDICTMENT NO. BRCR2002-0322
BRCR2002-0321

```
                              )
                              )     MOTION TO AMEND ORDER OF
                              )           FORFEITURE
                              )
        v.                    )
                              )
Jason Alves, Jay Lee Alves    )
        Defendant             )
```

Now comes the Commonwealth pursuant to the provisions of G.L. c. 94C, S 47(b) and moves this Court amend its already allowed motions to forfeit (annexed hereto and incorporated herein for all purposes) by including the interest amount generated during the pendency of this case. Interest on Bristol County Savings Bank account is $382.70 (three hundred eighty-two dollars and seventy cents), and interest on the Certificate of Deposit is $516.33 (five hundred sixteen dollars and thirty-three cents), be forfeited to the Commonwealth of Massachusetts and distributed by the Bristol County District Attorney in accordance with G.L. c. 94C, S 47(d).

The Commonwealth
By it's attorney

Gerald T. FitzGerald
Assistant District Attorney
For the Bristol District
BBO# 168830

August 29, 2003

# Attorney Brian J. Sullivan

10 Purchase Street, Fifth Floor
Fall River, Massachusetts 02720

Area Code 508
Telephone 679-7998
FAX 508-674-3610

July 31, 2003

Robert L. Goodale, Esq.
Bristol County District Attorney's Office
75 North Sixth Street
New Bedford, Massachusetts 02740

Re:     Commonwealth v. A Certain Sum on Deposit in
        Bristol County Savings Bank
        Maria Alves and Jason Alves

Dear Attorney Goodale:

I represent Maria Alves, the joint owner of the account and CD on deposit with the
Bristol County Savings Bank. I write to request the Commonwealth's release of the
above referenced moneys from any forfeiture claim that could be filed.

It is my understanding that Jason Alves entered a guilty plea on the criminal charges that
were lodged after the search and seizures by Fall River police officers. It is also my
understanding that the cash and property that were seized from Jason has been forfeited
through his plea agreement but that no action was taken against the bank account or the
CD. Maria Alves has never been notified of any forfeiture action involving the savings
account or the CD.

At this time I ask that you consider Maria Alves' claim that the moneys held in the
savings account and the CD were her property and such were listed in the name of Jason
Alves for convenience purposes only. Maria Alves was the subject of a Massachusetts
Department of Revenue collection action for sales/use taxes dating between 1996 and
1998. Mrs. Alves made an agreement to repay the amount due to the DOR but she was
warned that any bank account that was listed in her name could immediately be seized by
the Commonwealth to satisfy the tax debt. I enclose proof of the tax debt for your
review. I am told that full repayment to the DOR has now been made.

Please note that the savings account was opened on April 6, 1998, near in time to the
DOR assessment, and the account was established in both Jason Alves' and Maria Alves'

names. Although income was to be declared in Jason's Social Security number Maria Alves has always retained the right to withdraw the moneys on her own signature.

I believe that this account is the only bank account that Mrs. Alves could use to cash checks and conduct transactions. Mrs. Alves has been employed as a health care worker during the time between the establishment of the account and the date of Jason's arrest. I enclose the first page of her 2000 and 2001 federal tax forms as proof of income.

During the pendency of the account the sum of $5,000.00 was removed from the savings account to open a CD. Mrs. Alves was earning an insignificant amount of interest in the savings account and she sought a higher return on her deposit through the CD. The evidence of the CD which was seized by the Fall River officers was a proceed from Mrs. Alves account. The transaction history for the month of December, 2000, is enclosed. This document was obtained from the bank but I believe you will observe the same information in the passbook.

It is apparent that the Commonwealth would not have an in rem claim on the account or the CD since there was no actual seizure of the moneys at the time the police officers seized evidence of the savings account and the CD. It is my understanding that the Commonwealth has not filed any action or sought a warrant to properly seize the account or the amount in the CD as would be required in accordance with Ch. 276.

On the merits, however, it is apparent that there is no evidence which displays that these moneys were furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Ch. 94C; or that such moneys were the proceeds traceable to such an exchange; or that the moneys were used or intended to be used to facilitate a violation of the enumerated sections of Ch. 94C.

I urge you to concur with my request to release any claim to these moneys. Mrs. Alves would like the peace of mind to be free of any potential claim against the moneys by the Commonwealth. Mrs. Alves has lost the benefit of free use of the moneys since the date of Jason's arrest. If you agree with our request I ask that you provide a simple letter stating so. If you do not agree with our request I ask that the Commonwealth institute a forfeiture proceeding without further delay.

Very truly yours,

Brian J. Sullivan

Enclosures:    Department of Revenue Notice
               Bristol County Savings Bank, signature card
               2000 and 2001 federal tax forms
               Account transaction history, December 2000

☙JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

*Maria Alves*

**(b)**  County of Residence of First Listed Plaintiff  *Bristol*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
*Brian J. Sullivan Esq.   02720*
*10 Purchase St. Fifth Fl. Fall River MA*

## DEFENDANTS

*Paul F. Walsh, Jr., District Attorney*
*City of Fall River*

County of Residence of First Listed Defendant  *Bristol*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment   ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V.  ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*42 U.S.C.  1983 and 1988*

Brief description of cause:
*forfeiture of moneys without notice to owner*

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  *2-22-2005*

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)  _Maria Alves v. Paul F. Walsh Jr.,_
   _District Attorney_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒     NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☒     Central Division ☐     Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

   Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐     NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  _Brian J. Sullivan Esq._

ADDRESS  _10 Purchase St. Fifth Floor Fall River MA 02720_

TELEPHONE NO.  _508-679-7998_

(Coversheetlocal.wpd - 10/17/02)