

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10352 RCL

MARIA ALVES, )
      Plaintiff, )
)
vs. )
)
PAUL F. WALSH, JR., DISTRICT ATTORNEY )
and the CITY OF FALL RIVER, )
      Defendants. )
)

## ANSWER AND JURY CLAIM OF THE CITY OF FALL RIVER

NOW COMES the City of Fall River and for answer:

1. Admits the nature of plaintiff's claims as alleged in paragraph 1 of her Complaint but denies the truth of said claims and the assertion that the City of Fall River Police Department is subject to suit.

### JURISDICTION

2. Acknowledges that this Court has jurisdiction over 28 U.S.C. sec. 1331 (federal questions) and sec. 1343 (civil rights) matters and that it may accept pendant jurisdiction but states that it has insufficient information to enable it to determine that plaintiff's claims are properly before the Court.

## PARTIES

3. States that it has insufficient information to enable it to admit or deny the allegations contained in paragraph 3 of plaintiff's Complaint and, therefore, denies the same.

4. States that paragraph 4 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleadings; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same

5. Admits that portion of paragraph 5 of plaintiff's Complaint which alleges that it is a municipality in Massachusetts but denies that it is responsible for all acts or omissions of the Fall River Police Department.

## FACTUAL ALLEGATIONS

6. Admits that portion of paragraph 6 of plaintiff's Complaint which alleges that officers of the Fall River Police Department executed a search warrant for the premises at 4000 North Main Street, Fall River, Massachusetts but denies the rest; the search warrant was executed on January 25, 2002 and it was issued based upon the drug activities of both Jay Lee Alves and Jason Alves.

7. Admits the allegations contained in paragraph 7 of plaintiff's Complaint.

8. Admits that portion of paragraph 8 of plaintiff's Complaint which alleges the seizure of a bank book and a certificate of deposit but denies the rest..

9. States that it has insufficient information to enable it to admit or deny the allegations contained in paragraph 9 of plaintiff's Complaint and, therefore, denies the same..

10. States that paragraph 10 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

11. States that paragraph 11 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

12. States that paragraph 12 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

13. Admits that portion of paragraph 13 of plaintiff's Complaint which alleges that the Fall River Police Department did not take judicial action regarding the money but denies that the Department engaged in any unlawful action; regarding the balance of paragraph 13, it states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

14. States that paragraph 14 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

15. States that paragraph 15 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

16. States that paragraph 16 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

17. States that paragraph 17 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

18. States that paragraph 18 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

19. States that paragraph 19 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

20. States that paragraph 20 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require

responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

21. States that paragraph 21 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

22. States that paragraph 22 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

23. States that paragraph 23 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

24. States that paragraph 23 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same..

25. States that paragraph 25 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

26. States that paragraph 26 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

27. States that paragraph 27 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

28. States that paragraph 28 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

29. Admits that portion of paragraph 29 of plaintiff's Complaint which alleges that the City of Fall River receives funds pursuant to G.L. c. 94C but states that it has insufficient information to enable it to admit or deny the remaining allegations and, therefore, denies the same.

30. States that paragraph 30 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

31. States that paragraph 31 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does

require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

32. States that paragraph 32 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

33. States that paragraph 33 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

34. States that paragraph 34 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

35. States that paragraph 35 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

36. States that paragraph 36 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

37. States that paragraph 37 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

38. States that paragraph 38 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

39. States that paragraph 39 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

40. States that paragraph 40 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

41. States that paragraph 41 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

## COUNT 1

42. The defendant denies the allegations in paragraph 42 of plaintiff's Complaint.

43. The defendant denies the allegations in paragraph 43 of plaintiff's Complaint.

44. The defendant denies the allegations in paragraph 44 of plaintiff's Complaint, stating that it was not a party to any forfeiture proceeding and had no authority or role in same.

45. States that paragraph 45 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

    WHEREFORE, the City of Fall River demands that:

    1. The plaintiff's Complaint be dismissed;

    2. The defendant be awarded costs and attorneys' fees and;

    3. This Court grant whatever other relief is deemed just and reasonable.

## COUNT II

46. States that paragraph 46 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

47. States that paragraph 47 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

48. States that paragraph 48 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require

responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

49. States that paragraph 49 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

50. States that paragraph 50 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

51. States that paragraph 51 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

52. States that paragraph 52 of plaintiff's Complaint makes no allegations against the City of Fall River and, therefore, does not require responsive pleading; to the extent it does require responsive pleading, the City of Fall River states that it has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

WHEREFORE, the City of Fall River demands that:

1. The plaintiff's Complaint be dismissed;
2. The defendant be awarded costs and attorneys' fees and;
3. This Court grant whatever other relief is deemed just and reasonable.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, the City of Fall River states that:

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

Plaintiff's Complaint fails to state a claim against the City of Fall River.

Third Affirmative Defense

Defendant is not a "person" subject to suit pursuant to 42 U.S.C. Sections 1983 and 1988.

Fourth Affirmative Defense

Defendant is immune from suit.

Fifth Affirmative Defense

Defendant has qualified immunity from suit.

Sixth Affirmative Defense

Plaintiff has failed to comply with the requirements of G.L. c. 258.

Seventh Affirmative Defense

Plaintiff has failed to join an indispensable party or parties.

Eighth Affirmative Defense

Plaintiff's claims are precluded by the principles of res judicata and collateral estoppel.

Ninth Affirmative Defense

Plaintiff's claims against the City of Fall River are wholly insubstantial, frivolous and not advanced in good faith, and entitle the City of Fall River to an award of costs and attorneys' fees pursuant to G.L. c. 231 sec. 6 F.

Tenth Affirmative Defense

Plaintiff's claims are barred by applicable statutes of limitations.

Eleventh Affirmative Defense

Plaintiff's Complaint has not been brought within a reasonable time.

Twelfth Affirmative Defense

Plaintiff's claims are barred for failure to exhaust administrative remedies.

Thirteenth Affirmative Defense

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

Fourteenth Affirmative Defense

Plaintiff's Complaint should be dismissed because there is no properly pleaded federal cause of action against the defendant.

Fifteenth Affirmative Defense

Plaintiff's Complaint should be dismissed because it fails to allege conduct sufficient to rise to the level of Constitutional violation and, therefore, this Honorable Court lacks jurisdiction

Sixteenth Affirmative Defense

Defendant specifically denies that any employees, operating within their scope of employment, caused plaintiff's alleged damages.

Seventeenth Affirmative Defense

At all times pertinent the defendant's employees acted in good faith and belief that their actions were in compliance with the Constitution and the laws of the United States of America and the Commonwealth of Massachusetts.

Eighteenth Affirmative Defense

Plaintiff's Complaint should be dismissed for insufficiency of process.

Nineteenth Affirmative Defense

Plaintiff's Complaint should be dismissed for insufficiency of service of process.

Twentieth Affirmative Defense

The claim set out in the Plaintiff's Complaint is barred, or recovery should be diminished, by the plaintiff's comparative negligence.

Twenty-First Affirmative Defense

The injuries or damages alleged were caused in whole or in part by the plaintiff's conduct.

Twenty-Second Affirmative Defense.

The act or acts and omissions alleged in the Complaint were committed, if at all, by persons for whose conduct the defendant was not legally responsible.

## JURY CLAIM

The defendant claims trial by jury on all issues.

Respectfully submitted,
CITY OF FALL RIVER
By its Attorney,

*[signature]*

Daniel S. Hendrie
Assistant Corporation Counsel
BBO #230360
Law Dept., One Government Center
Fall River, MA  02722
Tel: (508) 324-2650
Fax: (508) 324-2655

Date: April 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail, postage prepaid, on *April 7*, 2005.

*[signature]*

Daniel S. Hendrie
Assistant Corporation Counsel
BBO #230360
Law Dept, One Government Center
Fall River, MA  02722
Tel: (508) 324-2650
Fax: (508) 324-2655

Date: April 7, 2005