UNITED STATES DISTRICT COURT

Eastern District of Massachusetts

| | | |
|---|---|---|
| MARIA ALVES, Plaintiff | ) | DOCKET NO. 05CV10352 RCL |
| | ) | |
| V. | ) | |
| | ) | |
| PAUL F. WALSH, JR., | ) | |
| DISTRICT ATTORNEY, AND | ) | |
| THE CITY OF FALL RIVER, | ) | |
| Defendants | | |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(1),(6).

### INTRODUCTION

Plaintiff is claiming relief under  42 U.S.C. § 1983 ,1988,  arising out of

the forfeiture of  $ 22,810.00 in connection with the disposition in 2003

of a Bristol County Superior Court criminal case (Commonwealth v. Jason Alves,

Indictment No. BRCR2000-0321). Complaint, ¶ 1,9,42.  Essentially, in Count I of

the Complaint the plaintiff claims that she was an owner of a certain bank account

and certificate of deposit and  that the defendant deprived her of  advance notice

of and the opportunity to object to a forfeiture proceeding commenced by the

defendant pursuant to G.L. c. 94C, § 47.  Complaint, ¶ 8, 16, 20,21.  Count II of

the Complaint essentially claims there was an insufficient evidence to warrant the

forfeiture under State law.  Complaint, ¶ 50, 51. The Motion to Dismiss is based

upon  several grounds. As to Count I,  the defendant is entitled to absolute

immunity, and that no claim lies for suit in the defendant's official capacity.  As

to Count II, by dismissal of Count I, the Court no longer has jurisdiction over the alleged pendent state law claim in Count II.

## ARGUMENT

## I. THIS COURT SHOULD DISMISS COUNT I BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. Motion to Dismiss Standard Under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief may be granted against the defendant. A Rule 12 (b)(6) motion is the usual and proper method of testing the legal sufficiency of a complaint. Moore's Federal Practice, Vol. 2A, § 12.08, p. 2266 (2nd ed. 1984). On a motion to dismiss, the reviewing court construes well-pleaded material allegations of the complaint as admitted, *Walker Process Equip. v. Food Mach, & Chem. Corp.*, 382 U.S. 172 (1976), and all reasonable inferences are drawn in the plaintiff's favor. *Wagner v. Devine*, 122 F. 3rd 53, 58 n.2 (1st Cir. 1997). The court is not bound, however, to accept as true conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Mass. Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

The pleading rules are "not entirely toothless," *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990) and the "minimal requirements are not tantamount to nonexistent requirement." *Gilbert v. Cambridge*, 932 F.2d 51, 62 (1st Cir. 1991). A plaintiff must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory." *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991),

quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The plaintiff cannot rely upon " subjective characterizations or unsubstantiated conclusions." *Fleming v. Lind-Waldock & Co.*, 922 F.2d at23. The deference due the allegations of a complaint does not extend to "self-serving generalities " or "unsubstantiated conclusions." *Gilbert v. Cambridge*, 932 F.2d at 62.

**B.     The Complaint Must Be Dismissed Because The Defendant Is Entitled To Absolute Immunity.**

The plaintiff has alleged a violation of his rights by the defendant, a government official , allegedly connected with judicial proceedings involving property in which the plaintiff claimed an ownership interest. The defendant is entitled to absolute immunity from suit under well-established principles of law. See *Buckley v. Fitzsimmons,* 509 U.S. 259, 268-271 (1993) and cases cited. To determine whether a particular government official fits within the common law tradition of absolute immunity, the Court must apply a "functional approach." See *Burns v. Reed,* 500 U.S. 478, 484-87 (1991), which looks to the "nature of the function performed, not the identity of the actor who performed it." *Buckley*, at 269, quoting *Forrester v. White*, 384 U.S. 800, 810 (1982). When a government official is protected by absolute immunity, that protection is not eroded no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. *Cleavinger v. Saxner*, 474 U.S. 199-200 (1985); *Cok v. Cosentino,* 876 F.2d. 1,2 (1st Cir. 1989). See *Dennis v. Sparks*, 449 U.S. 24, 31 (1980) (allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain a complaint where the officer possesses absolute immunity). Absolute

immunity for prosecutors is, as it is for judges, necessary to protect the judicial process. *Burns* at 485.; *Imbler* at 422-23. Without such protection, "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Burns* at 485, quoting *Imbler v.Pachtman*, 424 U.S. at 423.

In this case, even assuming arguendo that the defendant personally handled the forfeiture process in question, he is absolutely immune from suit for any actions he may have taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This absolute immunity extends to actions apart from the courtroom which are within the prosecutor's function as an advocate. *Id*; *Buckley* at 273. Indeed, "actions preliminary to the initiation of a prosecution . . . are. . entitled to absolute immunity." *Imbler* at 431; *Kalina v. Fletcher*, 522 U.S. 118 ( activities in connection with preparation and filing of the information against [defendant]and motion for an arrest warrant clearly protected by absolute immunity); Included among those protected acts are "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation" in an official proceeding. *Buckley*, 509 U.S. at 273; *Miller v. City of Boston*, 297 F. Supp. 2d 361, 371 (U.S. Dist , 2003). Similarly, since a District Attorney is authorized by law to process forfeiture proceedings ( G. L. c. 94C, § 47) and, thus, functions in the capacity of an advocate for the State, absolute immunity attaches to a District Attorney's conduct regarding the forfeiture process. See

*Mendenhall v. Goldsmith*, 59 F.2d 695, 689 (7th Cir. 1995) (absolute immunity applicable to prosecutor in forfeiture proceeding).

In this case, the plaintiff s essential claims that the defendant failed to notify her of the forfeiture motion and proceedings and deprived her of an opportunity to object is, however, based upon protected activities by a prosecutor, namely, the preparation and presentation of the matter before the court for its consideration whether to order the forfeiture. The allegation against the defendant strikes at the heart of the prosecutorial function which is protected by absolute immunity extolled by the cases cited above.

**C.    The Complaint Must Be Dismissed Against The Defendant Sued In His Official Capacity.**

Title 42 United States Code, section 1983 provides, in pertinent part:

> Every *person* who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. (emphasis added) 42 U.S.C. § 1983.

It is settled beyond doubt that a State is not considered a "person" for § 1983 purposes and suits against government officials in their official capacities, or against a state agency, are no different from a suit against a state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991): *Will v.Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Johnson v. Rodriguez*, 943 F. 2d. 104,108 (1st Cir. 1991). Where a plaintiff is attempting to sue a defendant in his official capacity, the suit is unsupportable as a matter of law and fails to state a claim under § 1983. See

5

*Johnson v. Rodriguez*, 943 F.2d. 104, 108 (1st Cir. 1991); *Forte v. Sullivan,* 935 F.2d. 1, 2n.2. (1st Cir. 1991).

Here, the plaintiff has named Paul Walsh, Jr. as a defendant "in his capacity as the District Attorney for Bristol County." Complaint, ¶ 1. Assuming the plaintiff is attempting to sue the defendant in his official capacity, the suit is unsupportable as a matter of law and fails to state a claim under § 1983. See *Johnson v.Rodriguez*, 943 F. 2d at 108; *Fred v. Roque*, 916 F. 2d 37, 39 (1st Cir. 1990). Count I of the Complaint should be dismissed.

## II.    THIS COURT SHOULD DISMISS COUNT II BECAUSE THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER.

For the reasons set forth above, Count I, alleging a federal law claim, should be dismissed. By virtue of this Court's dismissal of such a claim, Count II, purportedly alleging a state law claim, should also be dismissed for lack of jurisdiction over the subject matter. See *Rivera v. Murphy*, 979 F.2d 259, 264 (1st Cir. 1992) (although lower court erred in dismissing [by summary judgment] the federal and pendent state claims, even if it were correct in granting summary judgment on the federal claim, it should have dismissed the pendent state claims over which it no longer had jurisdiction). Also, "[i]t is the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that federal cause of action is the subject matter of a successful summary judgment motion, the pendent state claims should be dismissed." *Cullen v. Mattaliano*, 690 F. Supp. 93, 99 (D. Mass. 1988).

Here, once the federal law claim (Count I) is dismissed, the purported state law pendent claim (Count II) should also be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the

Court dismiss the complaint.

                              Respectfully submitted, defendant
                              Paul F. Walsh, Jr.,
                              District Attorney
                              by his Attorney,


                              _____
                              William R. Connolly
                              Assistant District Attorney
                              Bristol District
                              P.O. Box 973
                              888 Purchase Street
                              New Bedford, MA.  02740
                              (508)-997-0711
Dated: April 15, 2005         BBO # 095640


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon
the attorneys of record for the parties by mail on April 15, 2005.


                              _____
                              William R. Connolly