# United States Court of Appeals
## For the First Circuit

05-10352
Massachusetts(B)
R. Lindsay

No. 05-2876

MARIA ALVES,

Plaintiff, Appellant,

v.

PAUL F. WALSH, JR., ET AL.,

Defendants, Appellees.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: June 20, 2006

    Plaintiff Maria Alves appeals from an order of the Massachusetts district court dismissing her civil §1983 complaint against Bristol County, Massachusetts District Attorney Paul F. Walsh, Jr. ("Walsh") and the city of Fall River, namely the Fall River police department. We review the district court's dismissal de novo. Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Assoc., 357 F.3d 1, 3 (1st Cir. 2004).

    Fall River has moved to dismiss the appeal for failure to state a claim. We agree with the district court and with Fall River that Alves has failed to state a viable §1983 claim against Fall River.

    With respect to Alves' claims against Walsh in his official capacity, we summarily affirm the district court's order. A §1983 complaint against an agent of a municipality in his official capacity must concern an unconstitutional custom or policy in order to survive dismissal. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). Alves' complaint did not allege that Walsh's

office engaged in unconstitutional customs or practices and any effort to inject such a claim for the first time on appeal is improper.

To the extent that Alves waged claims against Walsh in his personal capacity, we agree with the district court that Walsh, as district attorney, is protected by the doctrine of absolute immunity for the actions alleged in the complaint. Buckley v. Fitzsimmons, 509 U.S. 259, 268-271 (1993); Imbler v. Pachtman, 424 U.S. 409 (1976); Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir. 1995).

Alves also seeks a declaration that the state court forfeiture order at issue in this case was improper. Especially in light of the fact that all federal claims in this case lack merit and are dismissed, it was proper for the district court to dismiss the only remaining pendant state law claim. See Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992).

All motions pertaining to the appendix are denied as moot. The request for attorneys' fees is denied. The district court's order dismissing the complaint is summarily affirmed. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: __MARGARET CARTER__
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk
_[signature]_
Deputy Clerk
Date: 7/11/06

[cc: Brian J. Sullivan, Esq., William R. Connolly, ADA, Daniel S. Hendrie, Esq.]